Case 4:12-cv-00234-A Document 13 Filed 06/05/12 Page 1 of 8 PageID 130

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN - 5 2012

CLERK, U.S. DISTRICT COURT
By_____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTHONY CLARK AND DONNA CLARK, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-234-A |
| | § | |
| JP MORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

I.

Background

This action was initiated on April 5, 2012, in the District Court of Tarrant County, Texas, 352nd Judicial District, as Case No. 352-258731-12 by the filing by plaintiffs, Anthony Clark and Donna Clark, of their original petition ("petition"), against defendant, JPMorgan Chase Bank, N.A. ("JPMC"). JPMC removed the action to this court by notice of removal filed April 17, 2012, and filed a motion to dismiss plaintiffs' pleading for failure to state a claim on May 4, 2012.

On June 4, 2012, pursuant to this court's order, JPMC filed an amended notice of removal. In its amended notice of removal, JPMC alleges that the court has subject matter jurisdiction because of complete diversity of citizenship between plaintiffs and defendant and an amount in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

In the prayer of their petition, plaintiffs do not state a specific amount of damages. Nor is there any other statement of the amount of damages contained elsewhere in the petition. However, JPMC contends that because plaintiffs seek an order transferring title of the property from Federal National Mortgage Association to plaintiffs, the minimum amount in controversy can be based on the property value. Am. Notice of Removal at 2. In support of its position, JPMC cites to legal authority standing for the proposition that "when the right to property is in question, the value of the property" constitutes the proper measure of the amount in controversy in an action such as this one. Id. JPMC further states, as an additional basis for the amount in controversy, that plaintiffs are seeking attorney's fees, economic damages, punitive damages, and exemplary damages.

After having evaluated the pleadings, and after reviewing applicable legal authorities, the court remains unpersuaded that

2

the amount in controversy in this action exceeds the required amount.

II.

Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal district courts would have original jurisdiction. "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2001). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citation omitted). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy for the purpose of establishing diversity jurisdiction, the court ordinarily looks

to the plaintiffs' state court petition. <u>Manguno</u>, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy is greater than $75,000.00, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing by a preponderance of the evidence that the amount in controversy exceeds that amount. <u>Id.</u>; <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995).

The amount in controversy is measured from the perspective of the plaintiffs. <u>Vraney v. Cnty. of Pinellas</u>, 250 F.2d 617, 618 (5th Cir. 1958) (per curiam). In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation," or "the value of the right to be protected or the extent of the injury to be prevented." <u>Leininger v. Leininger</u>, 705 F.2d 727, 729 (5th Cir. 1983).

III.

### The True Nature of Plaintiffs' Claims

Plaintiffs' petition does not specify a dollar amount of recovery sought that is at least $75,000.00, nor does it define with specificity the value of the right sought to be protected or the extent of the injury sought to be prevented. As a result, the court has evaluated the true nature of plaintiffs' claims to determine the amount actually in controversy between the parties.

4

Plaintiffs' petition alleges claims for wrongful foreclosure, void deed, and violations of the Texas Property Code. After reviewing such petition, the court concludes that the true nature of this action is to prevent defendant from taking possession of the property pursuant to its foreclosure proceedings. As the petition alleges, plaintiffs pursue that goal by seeking (a) an order barring any foreclosure or forcible detainer proceedings; and (b) a money judgment to compensate them for damages they have suffered, because defendant lacked proper authority to foreclose on the property or to threaten them with a foreclosure sale. The court has not been provided with any information from which it can determine that the value to plaintiffs of such relief is greater than $75,000.00.

JPMC contends that the value of the property serves as the amount in controversy because plaintiffs seek to transfer title to the property from Federal National Mortgage Association to plaintiffs "by rescinding the foreclosure sale" through a court order. Am. Notice of Removal at 2. JPMC relies on the oft-cited argument that in actions seeking declaratory or injunctive relief, "the value of the Property is to be used in determining the amount in controversy." Id. at 3. Specifically, JPMC states that the property value is $125,590, the tax appraisal value of

the property provided by the Tarrant County Appraisal District. Id.

However, the court is not persuaded by the argument that this figure supplies the basis for plaintiffs' interest in the property, especially given that plaintiffs have not pleaded how much equity they have in the property, and JPMC even states that "[p]laintiffs have no equity in the property." Id. at 2. JPMC does not cite to, nor can the court discern, any such statement to support a finding that the property value is the amount in controversy. That is, JPMC's attribution of the property value figure as damages is an act of its own doing--not plaintiffs'. To the extent that these statements suggest that the property value is the proper measure of the amount in controversy in this action, the court rejects that argument.[1]

Plainly, the sole goal of plaintiffs' action is to avoid or delay a foreclosure sale and to retain possession of the property. Nothing is alleged that would put a monetary value to plaintiffs' accomplishment of those goals. While plaintiffs appear to request equitable relief based on a claim that they are

---

[1] The court is familiar with the unpublished Fifth Circuit opinion, Nationstar Mortg. LLC v. Knox, 351 F. App'x 844 (5th Cir. 2009). The pertinent portion of Nationstar, in turn, relies on Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action. See Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011).

6

entitled to hold legal title in the property, they do not assert that such relief is based on a claim that they have outright ownership of the property, free of any indebtedness. Indeed, plaintiffs make statements to suggest that their ownership of the property *is* encumbered by a debt, or more precisely, a security lien.[2] The value to plaintiffs of their rights in the litigation is, at most, the value of their interest in the property, not the value of the property itself.[3] Thus, JPMC has not established the value of plaintiffs' interest in the property.

Finally, JPMC seems to suggest that a request for attorney's fees and economic, punitive, and exemplary damages may support a finding that the amount in controversy is met. Id. at 3. Without an amount to serve as a basis for compensatory damages, however, the court cannot form any reliable estimate for the amount plaintiffs could recover for attorney's fees or economic, punitive, or exemplary damages. Additionally, JPMC has not shown that the total claim for punitive or exemplary damages is more

---

[2] Plaintiffs suggested in their petition that their ownership of the property is subject to a security lien placed by the deed of trust, and stated that in order to purchase their property, they were required to first sign a note and deed of trust. Notice of Removal, Ex. A-2 at 2-3, ¶¶ 8-10.

[3] In their petition, plaintiffs alleged that defendant "authoriz[ed] a foreclosure sale when it had no lawful interest in the property." See Notice of Removal, Ex. A-2 at 6, ¶ 23. Like Ballew, plaintiffs are "not challenging the validity of the notes or deeds of trust"; rather, they "merely dispute[] that defendants are the ones having the right to enforce those documents." 2011 WL 880135 at *5.

likely than not to meet the $75,000.00 minimum.  See Allen, 63 F.3d at 1336.

Thus, JMPC has not proven by a preponderance of the evidence that the amount actually in controversy in this action exceeds the sum or value of $75,000.00, excluding interest and costs. Consequently, the court is remanding the case to the state court from which it was removed, because of the failure of JPMC to persuade the court that subject matter jurisdiction exists.

IV.

Order

For the reasons given above,

The court ORDERS that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED June 5, 2012.

_____
JOHN McBRYDE
United States District Judge